**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Harry Abraham, State Bar No. 290298
HAbraham@Martorell-Law.com
Linda Wang, State Bar No. 317984
LWang@Martorell-Law.com
Howard Hughes Center
6100 Center Drive, Suite 1130
Los Angeles, California 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Plaintiff,
KERRY MARSHALL, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KERRY MARSHALL, JR., p/k/a KERRY 2SMOOTH and K2S | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | |
| DURRELL BABBS, p/k/a TANK; JEREMY HAIRSTON; JOHNNIE NEWT; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; ATLANTIC RECORDING CORPORATION; and DOES 1 through 100, inclusive, | 1. **Copyright Infringement;** 2. **Vicarious Copyright Infringement** |
| Defendants. | **[DEMAND FOR TRIAL BY JURY]** |

PLAINTIFF, KERRY MARSHALL, JR., professionally known as KERRY 2SMOOTH and K2S ("Plaintiff" or "Marshall"), by and through his counsel, respectfully brings this Complaint against Defendants DURRELL BABBS, professionally known as TANK ("Babbs"), RICKEY OFFORD, professionally known as SLIKK and SLIKK MUZIK ("Offord"), JEREMY HAIRSTON, JOHNNIE NEWT, ATLANTIC RECORDING CORPORATION ("Atlantic"), and DOES 1-100 ("Does") (collectively, "Defendants") to obtain damages, injunctive relief, and other appropriate relief from all of the above defendants' past and ongoing infringement of Marshall's valuable registered musical work and copyright per 17 U.S.C. §§ 101 *et. seq*. and 28 U.S.C. §§ 1331 and 1338.  Specifically, Plaintiff alleges as follows upon knowledge as to himself and otherwise upon information and belief:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because federal questions presented herein arise under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et. seq*.

2.     This Court has personal jurisdiction over Defendants because the events giving rise to this claim occurred in the Central District of California and all Defendants have purposefully directed either advertising, sales, distributions, performances or digital transmissions of their recordings, including the infringing work, "Only One" ("Infringing Song"), to citizens and consumers of California.

3.     Venue is proper under 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this judicial district, and also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this district.

## PARTIES

4.     Plaintiff Kerry Marshall, Jr., professionally known as "Kerry 2Smooth" and "K2S" (hereinafter, "Marshall") is an individual residing in Los Angeles,

California.  Plaintiff Marshall is an accomplished musician, recording artist and performer, music instructor, session player, producer, and voting member of the Recording Academy, providing entertainment services, including creating and performing the original work at issue herein (the "Original Work"), in the Central District of California.

5.      Defendant Durrell Babbs, professionally known as "Tank" (hereinafter, "Babbs"), is an individual of unknown residence.  Defendant Babbs is a recording artist and performer, who recently released an album entitled "Savage", which features the infringing song "Only One" (the "Infringing Song").  Defendant Babbs does business in and advertises, promotes, releases and otherwise performs his music the Central District of California.  Attached as Exhibit A hereto are various screenshots of websites demonstrating that Defendant Babbs frequently performs within the Central District of California, including shows in both 2016 and 2017. Moreover, Defendant Babbs' Manager, Publicist, and Music Agent are all located in Los Angeles, within the Central District of California.

6.      Defendant Rickey Offord, professionally known as "Slikk" or "Slikk Muzik" (hereinafter, "Offord"), is an individual believed to reside in Los Angeles, California.  His online biography notes that he moved to Hollywood, California in 2012: http://zjstylez.blogspot.com/2015/01/one-of-hottest-new-producers-in-music.html.  Defendant Offord is engaged in the business of producing, promoting, licensing, and selling sound compositions throughout the United States and in the Central District of California.

7.      Defendant Atlantic Recording Corporation (hereinafter, "Atlantic"), is a corporation duly organized and existing under the laws of the state of Delaware, with a principal place of business in 1633 Broadway, New York, NY 10019.  Defendant Atlantic also maintains an active corporate presence in the state of California, and a current foreign entity registration with the State of California, bearing the corporate entity filing number C0551947.  Defendant Atlantic also does business in and

1  actively solicits, advertises, and promotes its activities in the Central District of
2  California.

3        8.     Defendant Johnnie Newt, professionally known as "J. Valentine"
4  (hereinafter, "Newt") is an individual believed to reside in San Francisco, California.
5  Defendant Newt is engaged in the business of producing, promoting, licensing, and
6  selling sound compositions throughout the United States and in the Central District
7  of California.

8        9.     Defendant Jeremy Hairston is an individual believed to reside in Los
9  Angeles, California.  Defendant Hairston is engaged in the business of producing,
10 promoting, licensing, and selling sound compositions throughout the United States
11 and in the Central District of California.

12        10.    The true names, identities, or capacities, whether individual, associate,
13 corporate, or otherwise, of defendants DOES 1 through 100, inclusive, and each
14 DOE in between, are unknown to Plaintiff at this time, and Plaintiff therefore sues
15 said defendants by such fictitious names. When the true names, identities, capacities,
16 or participation of such fictitiously designated defendants are ascertained, Plaintiff
17 will ask leave of Court to amend its Complaint to insert said names, identities,
18 capacities, together with the proper charging allegations.  Plaintiff is informed and
19 believes and thereon alleges that each of the defendants sued herein as a DOE is
20 responsible in some manner for the events and happenings herein referred to, thereby
21 legally causing the damages to Plaintiff as hereinafter set forth.

22        11.    Each of the Defendants was the alter-ego, parent or subsidiary,
23 predecessor or successor, principal or agent, member or manager, partner, joint-
24 venturer, employer or employee, master or servant, and/or co-conspirator of each
25 other Defendant with regards to the acts and/or omissions herein alleged.

26        12.    Each of the Defendants authorized or ratified the acts or omissions of
27 the other Defendants as herein alleged, and did so for its own financial and individual
28 advantage or the collective advantage of all Defendants.

13.   Each of the Defendants is jointly and severally liable for the infringements and damages alleged herein.

## INTRODUCTION AND BACKGROUND

14.   Mr. Marshall is a guitarist, instructor, session player, producer, artist developer, and voting member of the Recording Academy, the world's leading society for music professionals responsible for the annual GRAMMY awards.

15.   As an artist and performer, Mr. Marshall's influence is widespread.  He is currently the lead guitarist for the Black Eyed Peas, Ledisi, and Melanie Fiona.  He has also performed alongside Jason Derulo, Tyrese Gibson, The Roots, Michelle Williams of Destiny's Child, Raheem DeVaughn, Leela James, Chrisette Michele, Musiq Soulchild, Anthony Hamilton, Jill Scott, Fantasia Barrino, Jacob Latimore, Kevin Ross, Chante Moore, and many others.

16.   As a music instructor, Mr. Marshall also advertises two R&B musical composition courses on www.soundslice.com as well as on his personal website (www.kerry2smooth.com), which courses include instruction and exercises centering on R&B voicing, chords, riffs, and licks, as well as tone, expressive techniques and the R&B vocabulary.

17.   Due to this vast wealth of experience, he has acquired a signature musical style and "voice," which continues to be sought out by many in the music industry.

18.   Mr. Marshall has also maintained an active online presence, including his website, www.kerry2smooth.com, and an active YouTube channel, under the username "Kerry Marshall Jr."  This YouTube channel has approximately 35,000 subscribers (as of May 4, 2018) and Mr. Marshall's catalogue of instructional videos routinely enjoy hundreds of thousands of views.

19.   One such video, entitled "RnB chord and riff ideas to help your playing," was uploaded on October 17, 2014 and has gathered over 125,000 views as

of May 4, 2018 (the "Marshall Video").  The Marshall Video can be found at the following URL: https://www.youtube.com/watch?v=E3rlCUVvKCA (accessed May 4, 2018).

20.     Mr. Marshall obtained a copyright from the United States Copyright Office on December 14, 2017 for the Marshall Video's music and musical composition (the "Music Copyright") (original Reg. No. PA 2-066-954).  The Date of First Publication of the Music Copyright is October 17, 2014.  The Certificate of Copyright Registration for the Music Copyright is attached hereto as Exhibit B ("Ex. B").

21.     Mr. Marshall also obtained a copyright from the United States Copyright Office on December 14, 2017 for the Marshall Video's sound recording (the "Sound Copyright") (original Reg. No. SR 797-618).  The Date of First Publication of the Sound Copyright is October 17, 2014.  The Certificate of Copyright Registration for the Sound Copyright is attached hereto as Exhibit C ("Ex. C").

22.     The Marshall Video's music, musical composition and arrangement, as well as the original sound recording, which are the subjects of both the Music Copyright and the Sound Copyright, collectively with other protected aspects of Mr. Marshall's creative work, including recurring themes, motifs, and Mr. Marshall's signature voice comprise the Original Work which was infringed by Defendants in the Infringing Song.

23.     The Infringing Song features identical portions of the Original Work, which were copied directly from the Marshall Video.  In fact, Defendant Offord, in a text correspondence with Mr. Marshall, openly admitted to such blatant, unauthorized, unlicensed, and unexcused copying.  A true and correct copy of said correspondence between Mr. Marshall and Defendant Offord is attached hereto as Exhibit D ("Ex. D").

24.     As can be clearly seen in the correspondence at Ex. D, Defendant Offord freely admits that he essentially copied and pasted an entire portion of Plaintiff's Original Work and inserted this substantial portion into the Infringing Song.

25.     The Infringing Song, due to the acts and omissions of Defendants, also copies, reproduces, and duplicates key structural elements, themes and motifs of the Original Work, which serve as the backbone of the Infringing Song's structure and motif.  Upon information and belief, it is precisely this blatant copying of Mr. Marshall's Original Work, his signature voice and the structural elements, themes and motifs of his creative works that has contributed to the success of the Infringing Song, and the corresponding success of Defendant Babbs' album entitled "Savage," (the "Infringing Album").

26.     Defendants did not seek any permission or authorization to use, duplicate, copy, or reproduce any portion of the Original Work from Mr. Marshall. Mr. Marshall has never given such consent to any party.

27.     Defendant Atlantic released the Infringing Album, which included the Infringing Song, on September 29, 2017.  Both the Infringing Song and the Infringing Album garnered commercial success.

28.     All Defendants, including Defendants Babbs, Offord, and Atlantic have benefited financially from the commercial success of the Infringing Song and the Infringing Album.  In their sale, advertising, promoting, performing, licensing, releasing, and otherwise using the Infringing Song and Infringing Album, Defendants have, individually and collectively, wrongfully benefitted from the unauthorized and unlicensed use of Plaintiff's Original Work.  All of the Defendants used the Original Work to directly benefit from the sales and licensing of a commercial product, i.e., the Infringing Song, within the Infringing Album.

29.     Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages

their infringement has caused.  The Defendants are the writers, composers, performers, producers, record labels, distributors, and publishers, who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Song, embodied in all forms of media, including videos, digital downloads, records, motion pictures and advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement.  As co-infringers, the Defendants are jointly and severally liable for all amounts owed.

## FIRST CAUSE OF ACTION

**(Copyright Infringement of Musical Work – Against Defendants DURRELL BABBS, p/k/a TANK; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; JEREMY HAIRSTON; JOHNNIE NEWT; ATLANTIC RECORDING CORPORATION; and DOES 1 through 100, inclusive)**

30.     Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

31.     Plaintiff is an actual and beneficial owner of the Original Work, which is the subject of two valid Certificates of Copyright Registration issued by the Register of Copyrights for the music, musical arrangement and sound of the Original Work, as seen in Exhibits A and B to this Complaint.  As copyright owner, Plaintiff has the right to exclude any other person from reproducing, distributing, performing, displaying or preparing derivative works from the Original Work covered by his valid copyrights for a specific period of time.

32.     Defendants copied an exact expression from the Original Work – in fact, by their own admission, Defendants copied straight from the Original Work –  to create the Infringing Song.   Defendants Babbs, Offord, Hairston and Newt created a derivative musical composition resulting the Infringing Song.

33.     As Defendant Babb's publisher, Atlantic Records participates in the process of licensing the composition of the Infringing Song for use by third parties.

It is custom and practice for a composer to grant a written assignment in a work's copyrights in exchange for representation by a publisher.  As the Infringing Song's publisher, Atlantic Records, is presumably part owner of the Infringing Song's composition and profited from the commercial use of the Infringing Song.

34.     In addition to the exact copied portion of the Original Work contained in Defendants' Infringing Song, there are also substantial similarities between the Infringing Song and Plaintiff's Original Work.  Both the Infringing Song and the Original Work contain substantially similar defining compositional elements.  The Defendants' use of elements – not including the overt and admitted copying – from the Original Work was substantial.  Both songs share a similar chord progression, and motif, and feature a similar supporting melody.

35.      The infringed parts, elements, and motifs of the Original Work, including the overtly copied portions, were a critical component of the Infringing Song's success.  The average audience would easily recognize the appropriation.

36.     After Defendants Babbs, Offord, Hairston and Newt directly copied the Original Work, Defendants reproduced, manufactured, distributed, publicly performed, and/or licensed the Infringing Song (or contributed to the foregoing), which incorporates unauthorized portions of the Original Work.

37.     At no point did Plaintiff, who has always been the only owner of all the elements, aspects and portions of the Original Work, ever specifically authorize or permit Defendants, orally or in writing, to copy, distribute, or reproduce any part, component, element, or motif from the Original Work for use in the Infringing Song or any variation or version thereof.

38.     The foregoing acts of copyright infringement have been willful and intentional.

39.     As a result of such copyright infringements, Plaintiff has suffered both statutory and actual damages in an amount that will be proven at trial.  Defendants have also received direct and indirect profits as a result of their infringing conduct

described herein.  As such, Plaintiff is also entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Original Work in an amount to be established at trial, as well as to punitive damages.

## SECOND CAUSE OF ACTION

**(Contributory Infringement of Musical Work – Against DURRELL BABBS, p/k/a TANK; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; JEREMY HAIRSTON; JOHNNIE NEWT; and DOES 1 through 100, inclusive)**

40.     Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

41.     Defendants Babbs, Offord, Hairston and Newt knowingly induced, participated in, aided and abetted, and as a result profited from the illegal and unauthorized reproduction, distribution, public performance, and/or licensing of the Infringing Song.

42.     Defendants Babbs, Offord, Hairston and Newt are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

43.     Due to Defendants Babbs, Offord, Hairston and Newt's acts of infringement, as alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.  Defendants have also received direct and indirect profits as a result of their infringing conduct described herein.  As such, Plaintiff is also entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Original Work in an amount to be established at trial.

///

///

**<u>THIRD CAUSE OF ACTION</u>**

**(Vicarious Infringement of Musical Work – Against DURRELL BABBS, p/k/a TANK; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; JEREMY HAIRSTON; JOHNNIE NEWT; ATLANTIC RECORDING CORPORATION; and DOES 1 through 100, inclusive)**

44.   Plaintiff incorporates by reference all of the foregoing Paragraphs as if fully set forth herein.

45.   Plaintiff is an actual and beneficial owner of the Original Work, which is the subject of two valid Certificates of Copyright Registration issued by the Register of Copyrights, as seen in Exhibits A and B to this Complaint.

46.   Defendant Atlantic's activities constitute vicarious infringement of Plaintiff's rights in and to the federally registered copyrights in the music, composition and sound of the Original Work, because Defendants each directly benefitted financially from the infringing activities alleged herein.

47.   Defendant Atlantic had the right and ability to supervise and/or control Defendants' infringing activity, and yet Defendant Atlantic failed to exercise that right and ability.

48.   Defendant Babbs, as the performer and titled author of the Infringing Album, had the right and ability to supervise and/or control the infringing activity described herein, and he failed to exercise that right and ability.  Defendant Babbs has also financial benefited, and continues to financially benefit from the infringing activities alleged herein.

49.   Defendants Offord, Hairston and Newt, as the producers of the Infringing Song and the Infringing Album, had the right and ability to supervise and/or control the infringing activity described herein, and failed to exercise that right and ability.  Defendants Offord, Hairston and Newt have also financially

benefitted, and continue to financially benefit from the infringing activities alleged herein.

50.    In light of their roles related to the commercial use of the Infringing Song, Defendants' continuous promotion and advertisement of the Infringing Song served to condone, encourage, and facilitate Defendants Babbs', Offord's, Hairston's and Newt's ongoing infringing conduct.

51.    In licensing the Infringing Song, Defendants promoted, marketed, and advertised the Infringing Song, taking active steps to encourage, recommend, and facilitate third party infringing conduct regarding the Infringing Song.

52.    Defendants' conduct with regard to the Infringing Song, as described above, was entirely unlicensed and unauthorized, and was done without the consent or permission of Plaintiff.

53.    Defendants' unauthorized reproductions, distributions, public performances, and/or third-party licensing of the Infringing Song, as alleged above, each constitute separate infringements of Plaintiff's rights in and to the federally registered copyrights for the Original Work.

54.    The foregoing acts of copyright infringement have been willful and intentional.

55.    Given such infringement, Plaintiff has suffered actual damages in an amount that will be proven at trial.  Defendants have also received direct and indirect profits as a result of their infringing conduct described herein.  As such, Plaintiff is also entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Original Work in an amount to be established at trial.

## DEMAND FOR RELIEF

56.    The foregoing conduct by Defendants is an infringement of Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 501 of the Copyright Act of 1976.  As a

direct and proximate result of Defendants' aforesaid acts, Plaintiff has suffered and continues to suffer actual and substantial damages in an amount to be proven at trial.

57.     WHEREFORE, Plaintiff, by counsel, respectfully requests that the Court enter an Order requiring that:

(A)     Pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees, and all parties in privity with them, be enjoined permanently from directly or indirectly using the composition of the Infringing Song, or any other derivative work, in any manner which infringes upon Plaintiff's copyrights;

(B)     Defendants file with the Court and serve on Plaintiff a report setting forth the manner and form in which compliance with said permanent injunction against infringement has been made;

(C)     Pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiff such actual damages as the Plaintiff may have sustained in consequence of Defendants' infringement and all profits of Defendants that are attributable to the infringement of Plaintiff's rights in said copyrights to the composition of the Original Work;

(D)     Defendants provide Plaintiff an accounting for all gains, profits and advantages attributable to or derived by Defendants from their infringement;

(E)     Pursuant to 17 U.S.C. § 504(c), Defendants be required to pay an award of statutory damages in a sum of not less than $30,000 per infringement, should this statutory remedy be elected, for Defendants' violations of Plaintiff's rights in said copyrights to the Original Work's composition;

(F)     Pursuant to 17 U.S.C. § 504(c), should Defendants' infringements be found to have been willful, Defendants be required to pay an award of increased statutory damages in a sum of not less than $150,000 per infringement for willful infringement, should this statutory remedy be

elected, for Defendants' violations of Plaintiff's rights in said copyrights to the Original Work's composition; and should actual damages be elected, Plaintiff prays that Defendants be required to pay punitive damages over and above actual damages, pursuant to case law;

(G)     Pursuant to 17 U.S.C. § 505, Defendants be required to pay Plaintiff's full costs in this action and reasonable attorney's fees;

(H)     Defendants be equitably disgorged of wrongfully obtained profits attributable to the Infringing Song;

(I)     Defendants, to the extent they are found to have conspired to commit copyright infringement or any of the other violations alleged herein above, be liable for damages under California law to the extent not preempted by federal law.

(J)     Plaintiff be awarded such other and further relief as is just and equitable.


Dated: May 7, 2018                    MARTORELL LAW APC



                                      By:    /s/ Eduardo Martorell

                                            Eduardo Martorell
                                            Harry Abraham
                                            Linda Wang
                                            *Attorneys for Plaintiff*
                                            KERRY MARSHALL, JR.

1

## **DEMAND FOR TRIAL BY JURY**

2

Plaintiff hereby demands a trial by jury as to all causes of action.

3

4

Dated: May 7, 2018                              MARTORELL LAW APC

5

6

7

By: _____/s/ Eduardo Martorell_____

8

Eduardo Martorell

9

Harry Abraham

Linda Wang

10

*Attorneys for Plaintiff*

11

KERRY MARSHALL, JR.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28