UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY MARSHALL, JR., p/k/a KERRY 2SMOOTH and K2S,<br><br>     Plaintiff,<br><br>  v.<br><br>DURRELL BABBS, p/k/a TANK; JEREMY HAIRSTON; JOHNNIE NEWT; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; ATLANTIC RECORDING CORPORATION; and DOES 1-100, inclusive,<br><br>     Defendants. | Case No. 2:18-cv-03822-DDP (AFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES AND ATTORNEY'S FEES**<br><br>[Dkt. 37] |

  Presently before the court is Defendants Durrell Babbs, p/k/a Tank, Jeremy Hairston; Johnnie Newt; Rickey Offord, p/k/a Slikk, p/k/a Slikk Muzik; and Atlantic Recording Corp. (collectively "Defendants")'s motion for partial summary judgment (Dkt. 37.) Having considered the parties submissions, the court adopts the following order.

**I. BACKGROUND**

Plaintiff Kerry Marshall, Jr., also professionally known as "Kerry 2Smooth" is the author of the music, musical composition and arrangement, and sound recording of the work entitled "RnB Chord and Riff ideas to Help Your Playing" ("Marshall work"). (Compl. ¶¶ 18-22.) Plaintiff brings this action alleging copyright infringement against Durell Babbs, a recording artist and performer professionally known as "Tank"; Rickey Offord, an individual engaged in the business of producing, promoting, licensing, and selling sound compositions; Atlantic Recording Corporation, an entity that actively solicits, advertises, and promotes in California; and Johnnie Newt, an individual in the business of producing, promoting, licensing, and selling sound compositions. (Compl. ¶¶ 4-8.)

The Marshall work was first published on October 17, 2014 through Plaintiff's YouTube channel under the username "Kerry Marshall Jr.". (Compl. ¶¶ 18-22.) Plaintiff registered the Marshall work with the United States Copyright Office on December 14, 2017. (Compl. ¶¶ 20-21.) On September 29, 2017, Defendant Atlantic Recording Corporation released and distributed a musical work performed by Tank entitled "Only One" ("infringing song"). (Benjamin Landry Decl. ¶ 4.) The alleged infringing song was included as part of Tank's eighth album entitled "Savage." (*Id*.) The track was neither released nor promoted to radio as a commercial single but was still "made available as individual track downloads and streams." (Landry Decl. ¶ 5.) Since its release, the infringing song has not been modified or changed and the same version is being distributed today. (*Id*.)

Plaintiff seeks statutory damages, costs, and attorney's fees for copyright infringement. (Compl. ¶ 57 (E) and (G).) Defendant now moves for partial summary judgment under Fed. R. Civ. P. 56 on the request of statutory and attorney fees.

///
///

2

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

///
///
///

## III. DISCUSSION

### A. Statutory Damages and Attorney's Fees

Defendants argue that Plaintiff is not entitled to statutory damages or attorney's fees because the alleged infringing song was released on September 29, 2017, before Plaintiff registered the Marshall work on December 14, 2017, and Plaintiff did not register the Marshall work until "nearly three years" after the first publication date. (Motion at 5-6.) Plaintiff "concedes for purposes of this Motion that he may be precluded from statutory damages from the infringement that commenced prior to registration, namely the publication of the Infringing Song . . ." (Opp. at 5.) However, Plaintiff argues that after the commencement of this suit, Defendants published an Instagram Video using a portion of the infringing song and thus, "created a new audiovisual work that had never previously existed . . ." (Opp. at 6.) (emphasis omitted.) Plaintiff contends that this "new" infringement creates a basis for statutory damages because it is a different infringement from the pre-registration infringement. (Opp. at 7.)

"In any action [for copyright infringement], . . . no award of statutory damages or of attorney's fees . . . shall be made for --(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. In considering whether an infringement commenced before the date of registration, "the first act of infringement in a series of ongoing separate infringements commence[s] one continuing infringement." *Parfums Givenchy v. C & C Beauty Sales*, 832 F. Supp. 1378, 1393 (C.D. Cal. 1993) (citations & internal quotations omitted). "A new or separate basis for the award of statutory damages is created, however, only where there is a difference between pre- and post-registration infringing activities." *Mason v. Montgomery Data, Inc.*, 741 F. Supp. 1282, 1285 (S.D. Tex. 1990) (quotations omitted).

Plaintiff concedes that he is not entitled to statutory damages for the alleged infringing song. There is no dispute of any material facts relevant to this motion. The

4

parties do not dispute the date of the first publication of the Marshall work, October 17, 2014, the date of registration, December 14, 2017, or the date of the alleged infringing song's release, September 29, 2017. (Plaintiff's Statement of Genuine Issues in Opposition Motion for Partial Summary Judgment at 2-4.) Defendants' alleged infringement occurred prior to registration, and Plaintiff did not register the Marshall work within three months of its first publication date. Thus, there is no evidence that supports Plaintiff's request for statutory damages and attorney's fees based on the release of the alleged infringing song. Defendants are entitled to partial summary judgment on the issue of statutory damages and attorney's fees.

The court declines to consider here whether the Instagram Video is a new post-registration infringement which may entitle Plaintiff to statutory and attorney's fees; these facts were not pled and are not the basis of Plaintiff's claim for relief in the complaint. Plaintiff has requested that he be allowed leave to amend the complaint to properly plead these facts.

**IV. CONCLUSION**

The court GRANTS Defendants' motion for partial summary judgment. Plaintiff is granted leave to amend the complaint within 20 days of the date of this order.

**IT IS SO ORDERED.**

Dated: December 26, 2018

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

5