O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY MARSHALL, JR., p/k/a KERRY 2SMOOTH and K2S,<br><br>    Plaintiff,<br><br>  v.<br><br>DURRELL BABBS, p/k/a TANK; JEREMY HAIRSTON; JOHNNIE NEWT; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; ATLANTIC RECORDING CORPORATION; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-03822-DDP (AFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES AND ATTORNEYS' FEES**<br><br>[Dkt. 54] |

  Presently before the court is Defendants Durrell Babbs, p/k/a Tank, Jeremy Hairston; Johnnie Newt; Rickey Offord, p/k/a Slikk, p/k/a Slikk Muzik; and Atlantic Recording Corp. (collectively "Defendants")'s motion to dismiss Plaintiff's request for statutory damages and attorneys' fees. (Dkt. 54.) Having considered the parties submissions, the court adopts the following order.

## I. BACKGROUND

Plaintiff Kerry Marshall, Jr., also professionally known as "Kerry 2Smooth" is the author of the music, musical composition and arrangement, and sound recording of the work entitled "RnB Chord and Riff ideas to Help Your Playing" ("Marshall work"). (First Amended Complaint "FAC" ¶¶ 4, 19-22.) Plaintiff brings this action alleging copyright infringement against Durell Babbs, a recording artist and performer professionally known as "Tank"; Rickey Offord, an individual engaged in the business of producing, promoting, licensing, and selling sound compositions; Atlantic Recording Corporation, an entity that actively solicits, advertises, and promotes in California; and Johnnie Newt, an individual in the business of producing, promoting, licensing, and selling sound compositions. (FAC ¶¶ 5-9.)

Plaintiff first published the Marshall work on October 17, 2014 through Plaintiff's YouTube channel under the username "Kerry Marshall Jr." ("Marshall video"). (FAC ¶¶ 18-19.) Plaintiff obtained a copyright for the Marshall video's music, musical composition, and sound recording from the United States Copyright Office on December 14, 2017. (FAC ¶¶ 20-21; Exh. B; Exh. C.) On September 29, 2017, Defendant Atlantic Recording Corporation released and distributed a musical work performed by Tank entitled "Only One" ("Infringing song"). (FAC ¶ 27.) Plaintiff alleges that the Infringing song "features identical portions of the [Marshall work] which were copied directly from the Marshall video." (FAC ¶ 23.) The alleged Infringing song was included as part of Tank's eighth album titled "Savage." (FAC ¶ 25.) On June 19, 2018, after commencement of this lawsuit and after being served with notice of the complaint, Defendant Tank "published an Instagram video on his Instagram page ("Instagram Video"), using 60 seconds of the Infringing song, which contains substantial copied portions of the [Marshall work], as the audio component in the background of the video depicting Plaintiff's hometown of Birmingham, Alabama." (FAC ¶ 29.)

The original complaint, filed on May 8, 2018, alleged copyright infringement and sought statutory damages, costs, and attorneys' fees for the Infringing Song "Only One" and did not allege infringement based on the Instagram Video. (Dkt. 1.) On November 9, 2018, Defendants filed a motion for partial summary judgment on the issue of statutory and attorneys' fees. (Dkt. 37.) The court granted the motion on December 26, 2018 because, as Plaintiff conceded, "Defendants' alleged infringement [the Infringing song] occurred prior to registration, and Plaintiff did not register the Marshall work within three months of its first publication date." (Dkt. 50 at 5.) The court granted Plaintiff leave to amend in order to plead facts regarding the Instagram video. (Dkt. 50 at 5.)

In the First Amended complaint, Plaintiff alleges that the Instagram Video is a "new audiovisual work that had never previously existed." (FAC ¶ 8.) Plaintiff included two new copyright infringement claims regarding the Instagram Video, infringement of the musical composition and infringement of the sound recording. (FAC ¶¶ 43-60.) Plaintiff seeks statutory damages, costs, and attorneys' fees for the new claims of copyright infringement based on the Instagram video. (FAC ¶ 78 (E) and (G).) Defendants now move to dismiss Plaintiff's request for statutory damages and attorneys' fees.

**II. LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the

3

assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and internal quotation marks omitted).

### III. DISCUSSION

#### A. Statutory Damages and Attorneys' Fees

The only issue before this court is whether Plaintiff has pled sufficient facts to allege that an act of infringement "commenced" after Plaintiff's registration of the Marshall work such that Plaintiff would not be precluded from statutory damages and attorneys' fees under 17 U.S.C. § 412(2).[1]

Defendants contend that Plaintiff is not entitled to statutory damagesand attorneys' fees because Plaintiff's "new copyright infringement claims simply allege that Tank redistributed sixty seconds of the same track that was released on September 29, 2017—almost three months prior to the date on which Plaintiff registered his works—in an Instagram Video." (Motion to Dismiss "MTD" at 13.) Defendants argue that the first act of infringement commenced on September 29, 2017 when the Infringing song was released, and the new allegations of the Instagram Video, containing sixty seconds of the Infringing song, is part of an ongoing infringement that commenced prior to registration. (MTD at 11.) Therefore, Defendants argue, the FAC fails to allege facts in which Plaintiff could be entitled to statutory damages or attorneys' fees.

---

[1] Defendants also contend that Plaintiff may not seek statutory damages and attorneys' fees against all Defendants because the two new infringement claims are alleged only against Tank. (MTD at 1, 2.) The court is not persuaded. The FAC alleges each Defendant "was the alter-ego, parent or subsidiary, predecessor or successor, principal or agent, member or manager, partner, joint-venturer, employer or employee, master or servant, and/or co-conspirator of each other Defendant with regards to the acts and/or omissions herein alleged." (FAC ¶ 11.)

4

Plaintiff argues that the Instagram video is a new and separate basis for the award of statutory damages and attorneys' fees because there is a difference between the pre and post-registration infringements. (Opposition "Opp." at 7-8.) Specifically, Plaintiff argues that audiovisual works are defined as a "completely separate category of works apart from audio recordings, defined as 'Phonorecords.'" (Opp. at 8.) As evidence of the difference between phonorecords and audio recordings, Plaintiff argues that "Defendants did not obtain a synchronization license from Plaintiff to create or publish the Instagram video, which Defendants would have needed to do in order to create an audiovisual work." (Opp. at 9) (citing *Leadsinger, Inc., v. BMG Music Pub.*, 512 F.3d 522, 527 (9th Cir. 2008)).

"In any action [for copyright infringement], . . . no award of statutory damages or of attorney's fees . . . shall be made for --(2) any infringement of copyright in an unpublished work **commenced before** the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2) (emphasis added). "Section 412(2) mandates that, in order to recover statutory damages, the copyright work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Section 412 serves two fundamental purposes. *Id.* at 700. "First, by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly." *Id.* at 700 (citing H.R. Rep. No. 94-1476, at 158 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5774)). "Second, § 412 encourages potential infringers to check the Copyright Office's database." *Derek Andrew*, 528 F.3d at 700.

In *Derek Andrew*, plaintiff held a copyright registration for the configuration and artwork on its clothing "hang-tag." *Id.* at 698. Defendant sold garments with the infringing hang-tag prior to plaintiff's registration and continued to sell garments with

5

the infringing hang-tag post registration. *Id.* at 698. The Ninth Circuit considered whether section 412(2) bars "statutory damages for post-registration infringements when the initial act of infringement occurred prior to the effective date of registration." *Id.* The court agreed with a New York district court that concluded:

> Each separate act of infringement is, of course, an 'infringement' within the meaning of the statute, and in a literal sense perhaps such an act might be said to have 'commenced' (and ended) on the day of its perpetration[,] . . . it would be peculiar if not inaccurate to use the word 'commenced' to describe a single act. That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter.

*Id.* at 700 (quoting *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988)). The Ninth Circuit held that "*the first act of infringement* in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412 . . . [t]his interpretation, we believe, furthers Congress' intent to promote the early registration of copyrights." *Derek Andrew*, 528 F.3d at 701. The court concluded that the post-registration distributions of the hang-tag, although attached to different garments, were infringements that were part of an "ongoing series of infringements that commenced with the first distribution . . ." *Id.* at 701. The court stated that there was no "legally significant difference between [defendant's] pre and post-registration infringement." *Id.* at 701.

Here, Plaintiff argues, in essence, that there is a legally significant difference between the pre and post-registration infringements alleged because the Instagram video is defined "as a completely separate category of works apart from audio recordings . . ." (Opp. at 8.) In support of this argument, Plaintiff cites to numerous cases that demonstrate the difference between audiovisual works and phonorecords. (*See* Opp. at 8 citing *Leadsinger*, 512 F.3d at 527; *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 884-85 (9th Cir.1996); *Columbia Pictures Television, Inc. v. Krypton Broad. of*

6

*Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001)). However, none of the cases cited support the conclusion that a separate act of infringement "commenced" with the Instagram video under this circuit's precedent. Accepting Plaintiff's alleged facts as true and viewing the facts in the light most favorable to Plaintiff, Plaintiff first published the Marshall work on October 17, 2014 and registered the Marshall work on December 14, 2017, more than two years after the date of first publication. (FAC ¶ 19-30.) On September 29, 2017, Defendants infringed on Plaintiff's work by releasing the Infringing song. On June 19, 2018, after commencement of this action, Defendant Tank released an Instagram video that has sixty-seconds of the Infringing song. (FAC ¶ 29, 27.) The court concludes that there is no legally significant difference between the pre and post-registration infringements for the purposes of section 412(2). Defendants copied one work and published one Infringing song. The same infringing song released on September 29, 201 7 was used in Defendants' Instagram video. Although the post-infringement Instagram video was published on a different medium, and is separately defined under the Copyright Act, it is a result of the original act of infringement. *See Derek Andrew*, 528 F.3d at 698; *Parfums Givenchy v. C&C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1394 (C.D. Cal. 1993) (finding the distinction of copying, or the creation of derivative work, as a separate infringement from that of distribution immaterial because courts have not held that a "new infringement 'commenced' each time the defendant infringed a separate provision of the Copyright Act."); *City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1103 (S.D. Cal. 2012) (finding that defendant's use of logo on various web sites, business cards, letterheads, t-shirts, and hats "arose out of [defendant's] initial infringement and any post-registration conduct is therefore traceable to [defendant's] pre-registration conduct" precluding statutory damages).

As the Ninth circuit discussed in *Derek Andrew*, each separate act of infringement of the same kind, although a separate infringement within the meaning of the statute, does not mark the "commencement" of a new infringement within the meaning of

7

section 412, rather, the infringement is part of an ongoing, continuing infringement. *Derek Andrew*, 528 F.3d at 701. Plaintiff has alleged two new acts of infringement that were part of a continuing series of infringements that commenced on September 29, 2017. Under section 412, Plaintiff is not entitled to statutory damages or attorneys' fees.

Plaintiff also requests leave to amend to conduct discovery regarding the production and publication of the Instagram video and plead additional facts regarding the Instagram video. (Opp. at 18-19.) The court concludes that amendment would be futile. The necessary facts to determine whether Plaintiff may be entitled to statutory damages and attorney's fees have been sufficiently pled. The court denies leave to amend.

**IV. CONCLUSION**

The court GRANTS Defendants' motion to dismiss. Plaintiff's request for statutory damages and attorneys' fees is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 10, 2019

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

8