JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY MARSHALL, JR., p/k/a KERRY 2SMOOTH and K2S<br><br>Plaintiff,<br>v.<br><br>DURRELL BABBS, p/k/a TANK; JEREMY HAIRSTON; JOHNNIE NEWT; RICKEY OFFORD p/k/a SLIKK p/k/a SLIKK MUZIK; ATLANTIC RECORDING CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:18-cv-03822-DDP-AFMx<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Complaint Filed: May 8, 2018 |

JUDGMENT IS HEREBY ENTERED in favor of plaintiff Kerry Marshall Jr., p/k/a Kerry 2Smooth and K2S ("Plaintiff" or "Marshall"), and against defendant Jeremy Hairston ("Hairston") and defendant Rickey Offord p/k/a Slikk or Slikk Muzik ("Offord") (collectively, "Defendants"), jointly and severally.

The Judgment is entered jointly and severally, based upon the finding that Defendants caused one indivisible injury with respect to their production and promotion of the song "Only One" (the "Infringing Song"), **in the sum of $67,755.25**, consisting of: (a) Plaintiff's actual damages totaling $20,000.00; (b) Defendant Hairston's ill-gained profits, including his share of publishing and writer revenues totaling $10,636.00; (c) Defendant Offord's ill-gained profits, including his share of publishing and writer revenues totaling $14,453.00; (d) interest attributable to Defendants Hairston and Offord totaling $7,359.88; and, (e) Plaintiff's costs incurred in this litigation totaling $15,306.37. In addition, Plaintiff is entitled to post-judgment interest at the statutory rate of 10% per annum going forward from the date this Judgment is entered.

The Judgment shall also permanently enjoin Defendants, pursuant to 17 U.S.C. section 502, and their officers, agents, employees, attorneys, successors, licensees, partners, and assigns, and all those acting directly or indirectly in concert or participation with any of them. The Court hereby ORDERS:

(1) Defendants are permanently enjoined from <u>further</u> infringing directly or contributorily infringing by any means and/or inducing copyright infringement by any means, the exclusive rights of Plaintiff and his affiliates under the Copyright Act, including, but not limited to, any of Plaintiff's rights in any of the copyrighted works listed in Exhibits B and C to Plaintiff's First Amended Complaint. (Dckt. 51-2 and 51-3.)

(2) Defendants are to transfer any and all authorship and ownership rights and credits they may have in the Infringing Song to Plaintiff; and,

(3) Defendants are to ensure any and all future royalty payments that are attributable to Defendants from the Infringing Song be paid to Plaintiff under 17 U.S.C. § 504(b).

Dated: May 15, 2020

_____
Honorable Dean D. Pregerson
United States District Court
Central District of California